IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


EDWARD J. MCKENZIE,
      Plaintiff,

vs.                                    Case No.: 3:12cv417/MCR/EMT

STATE OF FLORIDA, et al.,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 16). Leave to proceed in forma pauperis has been granted (doc. 7).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections (doc. 16 at 2). He appears to name five Defendants in this action: the State of Florida; the First Judicial Circuit Court in and for Escambia County, Florida; Judge Jan Shackelford; Justin Lusko, an Assistant State Attorney; and Gene Polk, an attorney with the Public Defender's Office (*id.* at 1–2). Plaintiff allegations are largely indecipherable, but he appears to be seeking review of a conviction and sentence entered in Escambia County Circuit Court, Case No. 10-CF-4680 (*id.* at 5). He appears to allege he was the victim of entrapment, his conviction was based upon perjured testimony, and there was insufficient evidence to support the conviction (*id.* at 5–7).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] see also Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. See Bell Atl. Corp., supra (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"
for failure to state a claim).

III.     ANALYSIS

As Plaintiff was previously advised, his claims against all Defendants are barred by <u>Heck v.</u>
<u>Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In <u>Heck</u>, the Supreme Court
stated that an action under § 1983 that by its nature challenges the lawfulness of a conviction or
sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal authorized to make such
determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28
U.S.C. § 2254." *Id.* at 2372. "There is no question that <u>Heck</u> bars [a plaintiff's] claim that defendants
lacked probable cause to arrest him and brought unfounded criminal charges against him" if a
defendant has been convicted of the charges for which he was arrested. <u>Smithart v. Towery</u>, 79 F. 3d
951, 952 (9th Cir. 1996). Therefore, Plaintiff's § 1983 claims against all Defendants are barred.

Additionally grounds exist for dismissal of Plaintiff's claims against the individual
Defendants, Judge Shackelford, Assistant State Attorney Lusko, and Assistant Public Defender Gene
Polk. With regard to Attorney Polk, Plaintiff must allege facts showing (1) Polk's conduct caused the
alleged constitutional violation, and (2) Polk acted "under color of state law." *See* <u>Parratt v. Taylor</u>,
451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*,
<u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Duke v. Cleland</u>, 5 F.3d
1399, 1403 (11th Cir. 1993) (citing <u>Parratt</u>). It is well established that attorneys appointed by the
court to represent indigent criminal defendants do not act under color of state law when they represent
clients. <u>Polk County v. Dodson</u>, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981);
<u>Christian v. Crawford</u>, 907 F.2d 808, 810 (11th Cir. 1990). Therefore, Plaintiff has failed to allege
any fact that could potentially lead to liability under § 1983 as to Attorney Gene Polk. Accordingly,
Plaintiff's claims against this Defendant should be dismissed.

Any claim for monetary damages against Judge Shackelford and Assistant State Attorney Lusko
in their official capacities are barred by the Eleventh Amendment. It is well established that the
Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state
or its agencies, or against officers or employees of the state or its agencies in their official capacities.
<u>Edelman v. Jordan</u>, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express

congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against Judge Shackelford and Assistant State Attorney Lusko to the extent they are sued in their official capacities. <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>Gamble v. Florida Department of Heath and Rehabilitative Services</u>, 779 F.2d 1509, 1511 (11th Cir. 1986). Therefore, Plaintiff may not recover monetary damages against these Defendants in their official capacities.

Additionally, Plaintiff cannot maintain an action for monetary damages against Judge Shackelford in her individual capacity because a judge acting in his judicial capacity is absolutely immune from suits for monetary damages. *See* <u>Mireles v. Waco</u>, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); <u>Sibley v. Lando</u>, 437 F.3d 1067, 1071 (11th Cir. 2005). This immunity applies to claims for nominal damages. *See* <u>Simmons v. Conger</u>, 86 F.3d 1080, 1084–85 (11th Cir. 1996). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978); <u>Mireles</u>, 502 U.S. at 11; <u>Forrester v. White</u>, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Mireles</u>, 502 U.S. at 11 (citing <u>Stump</u>, 435 U.S. at 362); *see also* <u>Simmons v. Conger</u>, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." <u>Mireles</u>, 502 U.S. at 13 (citing <u>Stump</u>, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. <u>Stump</u>, 435 U.S. at 355-357; *see also* <u>Mireles</u>, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. <u>Simmons</u>, 86 F.3d

at 1084–85 (citing <u>Stump</u>, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. <u>Dykes</u>, 776 F.2d at 946–47 (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. <u>Stump</u>, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. <u>Harper v. Merckle</u>, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. <u>Stump</u>, 435 U.S. at 357 (quotation omitted).

In the instant case, the conduct of which Plaintiff complains, specifically, Judge Shackelford's convicting and sentencing him in his criminal case, and any similar matters concerning the conduct of the case, are functions normally performed by a judge. Furthermore, as Plaintiff was a party in the case over which Judge Shackelford was presiding, he dealt with Judge Shackelford in her judicial capacity. Moreover, Plaintiff does not allege, nor do the facts suggest, that Judge Shackelford acted in the complete absence of all jurisdiction. Therefore, Judge Shackelford is immune from liability for monetary damages. Additionally, the court may not grant Plaintiff injunctive relief against Judge Shackelford, because an injunction would interfere with the judicial function of the state courts. *See* <u>Wexler v. Lepore</u>, 385 F.3d 1336, 1339, 1341 (11th Cir. 2004).

Any claim for monetary damages against Assistant State Attorney Lusko in his individual capacity is barred by the doctrine of prosecutorial immunity. A prosecutor is entitled to absolute immunity for all actions she takes while performing her function as an advocate for the government. <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273, 113 S. Ct. 2606, 2615–16, 125 L. Ed. 2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 424, 96 S. Ct. 984, 992, 47 L. Ed. 2d 128 (1976); <u>Rivera v. Leal</u>, 359 F.3d 1350, 1353 (11th Cir. 2004); *see also* <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of

judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"). Immunity extends to charging a defendant without probable cause. <u>Rowe v. City of Fort Lauderdale</u>, 279 F.3d 1271, 1280 (11th Cir. 2002). Under these principles, Assistant State Attorney Lusko's conduct in pursuing the prosecution despite Plaintiff's claims of entrapment and insufficient evidence clearly falls within the prosecutorial role; thus, Defendant Lusko is immune from any claim for monetary damages.

In conclusion, the facts as pleaded do not state a claim to relief that is plausible on its face. Therefore, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for failure to state a claim and for seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B).

At Pensacola, Florida this 28<u>th</u> day of January 2013.


<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**